# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT SANCHEZ,** | § | **CIVIL ACTION NO.:** |
| | § | **5:21-cv-666** |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| **FTS INTERNATIONAL,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Robert Sanchez ("Plaintiff") in the above-referenced matter, complaining of and about FTS International ("Defendant"), and files this Original Complaint, showing the following to the Court:

### I. PARTIES

1. Plaintiff Robert Sanchez is an individual residing in Bexar County, Texas. Plaintiff was employed by Defendant. Plaintiff is a citizen of the United States and of the State of Texas.

2. Defendant FTS International is a for-profit corporation organized under the laws of the State of Texas, operating out of Fort Worth, Texas. The cause of action complained of herein arose at Defendant's place of business in Atascosa County, Texas. Defendant can be served by and through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e et seq., as amended, and (iii) 42 U.S.C. § 1981 et seq., as amended.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiff transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant maintained offices, conducted business, and resided in this district.

### III. FACTS

6. On December 17, 2010, Plaintiff began working for Defendant as an Equipment Operator I. Plaintiff proved he was a faithful and capable employee as demonstrated by his tenure of over ten (10) years of service to Defendant. Plaintiff's job responsibilities included Equipment Operator III, Fluid Technician, and Hotshot Driver.

7. On December 5, 2018, Plaintiff was conducting a bucket test on a piece of hydration equipment. After the bucket test, Plaintiff asked Paul Glassner ("Mr. Glassner"), a co-worker, for assistance in completing the bucket test task. Mr. Glassner responded "That's not my fucking job!"

Plaintiff reported Mr. Glassner's response to Sergio Last-Name-Unknown ("LNU"), a First Line Supervisor, about his conduct in front of Mr. Glassner. Then, Mr. Glassner shoved Plaintiff to the ground in front of Sergio LNU. Plaintiff then spoke to Sergio LNU privately about counseling Mr. Glassner on the company policies on physical contact with other people and on respecting co-workers. Plaintiff informed David Jepson and Johnathan Dardar, Supervisors, about the incident. However, no administrative action was ever taken.

8. From the months of January 2019 to July 2019, Plaintiff experienced sexual discrimination and sexual harassment. Manuel LNU and Cecillo LNU placed sexually explicit images on Defendant's equipment and vehicle windows. Specifically, Manuel LNU and Cecillo LNU drew penises on the driver's side window of the vehicle Plaintiff was driving for the day. Additionally, one of the men cut an outline of a penis on Plaintiff's face shield equipment. Patrick Sanchez, a Grease Pumper, would physically touch and grope Plaintiff's groin area. This occurred at least five (5) different times. Plaintiff would clearly object and oppose this treatment. Adolph LNU would attempt to kiss Plaintiff while saying "Let me suck your dick." Adolph LNU's vulgar statements made Plaintiff feel very uncomfortable.

9. Plaintiff reported these incidents to various management and human resources personnel, which included Jesse Hernandez, a First Line Supervisor, Brandy Martin, the Office Manager, and Michelle Spears, Director of Human Resources. Despite his complaints, the harassment did not stop.

10. Sometime around July 2019, Plaintiff took his protected complaints of discrimination and retaliation to Javier Fabela ("Mr. Fabela"), interim District Supervisor. Mr. Fabela gave Plaintiff two (2) choices to pick from as a resolution. Plaintiff had to either accept a demotion to a job as a Hotshot Driver or "voluntarily" resign his job. Not wanting to resign/be

fired, Plaintiff had no choice but to accept the demotion. As a result, Plaintiff's work hours were reduced, his pay rate was reduced, and he no longer received bonuses.

11. On March 3, 2020, Plaintiff was terminated for pretextual reasons.

## IV. CLAIMS

### CLAIM 1 – TITLE VII GENDER DISCRIMINATION

12. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

13. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of his gender (i.e. male), including discrimination and retaliation.

14. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status on the account of Plaintiff's gender (i.e. male), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

15. Other male employees of Defendant were treated more favorably and were not subjected to disparate treatment in the same or similar circumstances.

### CLAIM 2 – TCHRA GENDER DISCRIMINATION

16. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

17. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his gender (i.e. male).

18. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a

manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affected Plaintiff's status because of Plaintiff's gender (i.e., male), in violation of the Texas Labor Code § 21.051 et seq.

### CLAIM 3 – TITLE VII RETALIATION

19. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

20. Plaintiff engaged in activities protected by applicable federal law, namely, reported discrimination and sexual harassment at the hands of Defendant on the basis of his gender.

21. Plaintiff asserts he made a complaint about disparate treatment, yet Defendant failed to conduct a thorough investigation. This complaint should be construed as protected activity under Title VII. Defendant's action were a direct response to cover up their discriminatory animus.

22. The close timing between the protected activity and the adverse action against Plaintiff creates a causal connection between the two.

23. Defendant intentionally retaliated against Plaintiff because of his opposition to Defendant's discriminatory practices and the complaint of sexual harassment that Plaintiff made to Defendant, which was a violation of Title VII. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### CLAIM 4 – TCHRA RETALIATION

24. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

25. Plaintiff engaged in activities protected by applicable state law, namely, reported

discrimination and sexual harassment at the hands of Defendant on the basis of his gender.

26. Plaintiff asserts he made a complaint about disparate treatment, yet Defendant failed to conduct a thorough investigation. This complaint should be construed as protected activity under Texas Labor code § 21.055. Defendant's action were a direct response to cover up their discriminatory animus.

27. The close timing between the protected activity and the adverse action against Plaintiff creates a causal connection between the two.

28. Defendant intentionally retaliated against Plaintiff because of his opposition to Defendant's discriminatory practices and the complaint of sexual harassment that Plaintiff made to Defendant, which was a violation of Texas Labor Code § 21.055. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## CLAIM 5 – HOSTILE WORK ENVIRONMENT

29. Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

30. Plaintiff was subjected to unwelcome harassment throughout the course of his employment by management. The hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff's employment.

31. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of his gender (i.e. male), including discrimination and retaliation, which is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

## V. JURY DEMAND

33. Plaintiff demands a jury on all issues to be tried in this matter. As such, Plaintiff submits a jury demand and herein submits the jury fee.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear, and answer herein, and that on final trial, Plaintiff has a judgment against Defendant for the following:

    a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

    b. Compensatory damages, including (but not limited to) emotional distress;

    c. Past, present, and future physical pain and mental suffering;

    d. Punitive damages;

    e. Liquidated damages;

    f. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

    g. Pre-judgment interest (at the highest rate permitted by law);

    h. Post-judgment interest from the judgment until paid (at the highest rate permitted by law);

    i.       Costs of Court; and

    j.       Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,



Alfonso Kennard Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
alfonso.kennard@kennardlaw.com
Kennard Law, P.C.
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel.: (713) 742 -0900
Tax: (832) 558-9412
**ATTORNEY IN CHARGE**
**FOR PLAINTIFF**